CASE 30—PETITION EQUITY—JANUARY 9.

# Hanna, Hart & Co. vs. Guy, &c.

APPEAL FROM LOUISVILLE CHANCERY COURT.

1.  A sale bond satisfies and merges the original judgment *pro tanto,* and, to that extent, the judgment cannot be enforced otherwise than by an execution on the sale bond. (*McGee vs. Ellis & Browning,* 4 *Littell,* 245; *Brummel vs. Hurt,* 3 *J. J. Marshall,* 709; *Etlinger, &c., vs. Tansey, &c.,* 17 *B. Mon.,* 366.)

2.  If an officer levies an execution upon property without the direction or intermeddling of the plaintiff, the latter is not responsible to the purchaser of such property at the officer's sale thereof, by implied warranty or otherwise; and, notwithstanding the purchaser's loss, occasioned by the officer or debtor, he has a right to enforce his sale bond.

3.  A negro girl (slave) levied on and sold, January 1, 1864, died February 18, 1864, of some pulmonic disease, manifested only a few days after the sale and delivery to the purchaser. Such slave having been levied on without the direction or intermeddling of the execution plaintiff, although the purchaser may have a right of action for reparation against the officer or execution defendant, he cannot enjoin or prevent the enforcement of the sale bond.

BARR & GOODLOE,                          For Appellants,

CITED—

*American Cyclopedia, titles "Pneumonia, Heart."*

3 *Met.,* 33; *Robinson vs. Bright.*

7 *Mon.; Hart vs. Hampton.*

4 *Littell,* 245; *McGee vs. Ellis & Browning.*

5 *Littell,* 136; *Faucett vs. Pendleton.*

17 *B. Mon.,* 368; *Etlinger, &c., vs. Tansey, &c.*

3 *J. J. M.,* 709; *Brummel vs. Hurt.*

2 *J. J. M.,* 33; *Wolford vs. Phelps.*

7 *J. J. M.,* 641; 3 *Dana,* 550.

ROBT. J. ELLIOTT,                                    For Appellees,

CITED—

4 *J. J. M.*, 154; *Rogers vs. McKnight.*

1 *Met.*, 230; *Griswold, &c., vs. Taylor's adm'r.*

3 *Met.*, 30; *Robinson vs. Bright's ex'r.*

*Parsons on Contracts, sec.* 14, *p.* 385.

JUDGE ROBERTSON DELIVERED THE OPINION OF THE COURT:

To enforce a judgment in favor of the appellants, Hanna, Hart & Co., against N. Gantt, an execution was levied on a female slave named Laura, who was sold by the officer and bought by the appellee, Bernard Guy, who executed a sale bond for the price bid. The execution and bond were duly returned by the marshal of the Louisville chancery court, who made the sale on the 1st of January, 1864. On the 18th of February, 1864, Laura died of some pulmonic disease, manifested only a few days after the sale and delivery to Guy, to whom she was worthless and expensive.

After Laura's death, Guy brought this suit in the said court of chancery for enjoining the enforcement of the sale bond; and, on the final hearing, the chancellor perpetuated the injunction.

The petition, without imputing either fraud or misrepresentation by Gantt or the appellants, or any direction by the latter, who were non-residents, to either levy on or sell Laura, alleges, that, before and at the sale, she was the subject of the disease of which she died, and was of no value whatever. These allegations being traversed, the testimony leaves the character and commencement of the fatal disease vexatiously doubtful. But an analysis of the facts, which would require much professional learning and elaboration, becomes unnecessary, because, whatever might be the judicial result of

it, the decree appealed from must be reversed, on the ground that there is no remedy against the non-interfering creditors.

The sale bond satisfied and merged the original judgment *pro tanto*, and, to that extent, that judgment could not be enforced otherwise than by an execution on that bond. These conclusions are sustained, not only by principle, but the authority of this court, in the cases of *McGee vs. Ellis & Browning,* 4 *Littell,* 245; *Brummel vs. Hurt,* 3 *J. J. Marshall,* 709; *Etlinger, &c., vs. Tansey, &c.,* 17 *B. Monroe,* 366, and other concurrent recognitions. These cases adjudged that the surrender of the judgment, by the acceptance of the sale bond in lieu of it, is a valuable consideration, advanced by the creditor, commensurable with the failure of consideration to the purchaser and obligor; and that, without any intermeddling with the levy or sale, the creditor is not responsible to the purchaser by implied warranty or otherwise; and that, notwithstanding the purchaser's loss occasioned by the sheriff or the debtor, he has a right to enforce his sale bond. And the case of *Brummel vs. Hurt, supra,* adjudges, that if the creditor directed the levy or sale, he is responsible, and, so far, could not enforce the sale bond.

The authorities referred to settle this case.

Wherefore, the chancellor's decree, perpetuating the injunction, is reversed, and the cause remanded, with instructions to dissolve it, and also to dismiss the petition as against the appellants, but with leave to the appellee to proceed against Gantt, or the marshal, or both, for indemnity, if he shall elect to do so, in this case; and, if he show the liability of both or either of them, he may thus alone obtain reparation.